IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:15CV403 |
| v. | ) ) | Order |
| RICHARD ANDREW, JANE ANDREW, LUKE ANDREW, and BRYCE ANDREW, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the Objection to Notice of Subpoena (Filing No. 27) filed by the defendants, Richard Andrew, Jane Andrew, Luke Andrew, and Bryce Andrew (collectively, "Defendants") and the Motion to Allow Issuance of Subpoenas (Filing No. 29) filed by the plaintiff Zurich American Insurance Company ("Zurich"). For the following reasons, the court will grant Defendants' objections and deny Zurich's motion.

**BACKGROUND**

Zurich filed this subrogation action to recover amounts it paid pursuant to an insurance policy with Magellan Midstream Partners, LP ("Magellan") to clean-up and remediate gasoline and fuel released from pipelines under real property in Nemaha County, Nebraska. Zurich alleges that on December 10, 2011, two defendants, Luke Andrew and Bryan Andrew, negligently struck two of Magellan's pipelines while engaged in excavation activities on the property, causing the release of approximately 2,167 barrels of mixed gasoline and jet fuel and 643 barrels of diesel fuel. (Filing No. 6 at p. 2 ¶ 16). Magellan was required by state and federal law to clean-up and remediate the release. (Filing No. 6 at pp. 2-3 ¶¶ 13-14, 17). Defendants allege Luke was engaged in

farming-related activities authorized by Magellan at the time of the pipeline strike. (Filing No. 14 at pp. 2-3 ¶¶ 11-14).

Zurich alleges that pursuant to its insurance policy with Magellan, Zurich has paid more than $3 million on behalf of Magellan and anticipates future damages of more than $1.1 million related to the clean-up and remediation of the release from the pipeline strike. (Filing No. 6 at pp. 3-4, ¶¶ 19, 26-28). Zurich seeks to recover more than $4 million in damages from Defendants and to impute negligence to all Defendants, alleging they were agents of each other, engaged in a joint venture and partnership, and acting in the course and scope of the joint venture at the time of the pipeline strike. (Filing No. 6 at p. 2). Defendants deny the existence of any agency, partnership, or joint venture. (Filing No. 14 at pp. 1-2 ¶¶ 8-10 and Filing No. 16 at p. 2 ¶¶ 8-10).

On February 22, 2016, pursuant to Fed. R. Civ. P. 45 and NECivR 45.1, Zurich filed its notice of intent to issue subpoena to produce documents on a third-party, Farmers Alliance Mutual Insurance Company ("Farmers"). (Filing No. 26). The notice directs Farmers to produce documents and communications related to Defendants' insurance policy with Farmers between December 23, 2010 and December 23, 2011 ("the Farmers Alliance Policy"). Namely, the notice requests Farmers produce, from the time period of January 1, 2011, to the present:

(1) any and all communications between Farmers and counsel for Defendants concerning the Farmers Alliance Policy;

(2) any and all documents reflecting or relating to any claims made by any of the Defendants against the Farmers Alliance Policy;

(3) any and all communications between Farmers and Defendants concerning the Farmers Alliance Policy;

(4) any and all documents reflecting or relating to any communications between Farmers and "Auto-Owners Insurance Company" concerning any claims submitted by any of the Defendants;

(5) all documents comprising the complete claim file of any claim with a date of loss occurring in December of 2011;

(6) all documents comprising Farmers' complete underwriting file relating to the Farmers Alliance Policy;

(7) any and all insurance cancellation notices relating to the Farmers Alliance Policy;

(8) any and all documents reflecting or relating to Farmers' decision to issue the Farmers Alliance Policy;

(9) any applications for insurance submitted in relation to the Farmers Alliance Policy;

(10) copies of all checks and/or drafts issued to any of the Defendants;

(11) any and all documents reflecting or relating to any agreement between Farmers and "Auto-Owners Insurance Company;"

(12) any and all documents reflecting or relating to any contract or agreement between Farmers and any of the Defendants;

(13) any and all contracts or agreements between Farmers and any of the Defendants reflecting or referring to the surrender and/or release of the Farmers Alliance Policy;

(14) any and all contracts or agreements between Farmers and any of the Defendants reflecting or referring to a policyholder's buy-out or similar arrangement concerning the Farmers Alliance Policy;

(15) any audio or transcribed statements of Defendants; and

(16) any audio or transcribed statements of any employee or agent of Magellan.

([Filing No. 26-1 at pp. 7-9](Filing No. 26-1 at pp. 7-9)). Defendants timely informed Zurich of their objections. ([Filing No. 29](Filing No. 29)). The parties conferred but were unable to resolve their dispute. On February 24, 2016, Defendants filed the instant objection to the notice of subpoena on the grounds that it seeks irrelevant, privileged, and confidential information. ([Filing No. 27](Filing No. 27)).

Zurich filed a motion to allow issuance of the subpoenas. ([Filing No. 29](#)). Defendants' objection and Zurich's motion are presently before the court.

## DISCUSSION

Under [Fed. R. Civ. P. 45(d)(3)(A)](#), a district court must quash or modify a subpoena if the subpoena requires the disclosure of privileged matter or other protected matter, if no exception or waiver applies. [Fed. R. Civ. P. 45(d)(3)(A)](#). "The court need not reach the issue of privilege or burden, however, unless the information sought is discoverable pursuant to [Fed. R. Civ. P. 26](#)." *[Sampson v. Schenck](#)*, No. 8:07CV 155, 2009 WL 484224, *3 (D. Neb. Feb. 23, 2009). In other words, a subpoena must seek relevant information. See *[Roberts v. Shawnee Mission Ford, Inc.](#)*, 352 F.3d 358, 360-62 (8th Cir. 2003). "[An] adverse party has standing to object to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested." *[Jenkins v. Pech](#)*, No. 8:14CV41, 2015 WL 728305, at *3 (D. Neb. Feb. 19, 2015) (*quoting [Streck, Inc. v. Research & Diagnostic Sys., Inc.](#)*, No. 8:06CV458, 2009 WL 1562851, at *3 (D. Neb. June 1, 2009)).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" [Fed. R. Civ. P. 26](#) (b)(1).[1] Although relevance is to be broadly construed for discovery issues, the proponent of discovery must make "[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Prism Techs.,*

---

[1] Because this case was filed on November 3, 2015, ([Filing No. 1](#)) the parties discuss whether the amendments to the Federal Rules of Civil Procedure effective December 1, 2015, apply. The 2015 amendments "shall govern in all proceedings in civil cases [commenced after December 1, 2015] and, insofar as just and practicable, all proceedings then pending." *See* Fed. R. Civ. P. Refs & Annos. (Order of April 29, 2015). Although this case commenced prior to December 1, 2015, this court finds it just and practicable to apply the Rules as amended. In particular, although Rule 26 was amended to include the word "proportional," the concept of proportionally existed under the prior Rule. *See* [Fed. R. Civ. P. 26(b)(1)](#) advisory committee note to 2015 amendment ("Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations.").

*LLC v. Adobe Sys., Inc.*, 284 F.R.D. 448, 449 (D. Neb. 2012) (quoting *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1992). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. See *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972). If the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request. *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006).

Zurich alleges the items requested in the subpoena are relevant because they "will aid in the determination of whether a potential agency relationship or joint venture relationship or partnership relationship exists or existed between Defendants." (Filing No. 30 at p. 8). Under Nebraska law, the party alleging the existence of a partnership has the burden of proving that the parties' voluntary actions form a relationship in which they carry on as co-owners of a business for profit. See *In re KeyTronics*, 744 N.W.2d 425, 439 (Neb. 2008). Nebraska law provides that the essential elements of a joint venture are: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control." *Winslow v. Hammer*, 527 N.W.2d 631, 635-36 (Neb. 1995) (quoting Restatement (Second) of Torts, § 491, comment c. at 548 (1965)). The court finds that the relevance of the documents sought from Farmers by Zurich is not readily apparent and Zurich has not met its burden to show relevancy of such requests. For example, it is unclear how Farmers' communications and agreements with third parties, its complete underwriting file, or its decision to issue or cancel an insurance policy is relevant to show the existence of a joint venture or partnership among the Defendants. At this time, Zurich's overbroad requests directed at a third-party insurance company do not appear relevant or proportional to the needs of the case. See Fed. R. Civ. P. 26 (b)(1). As such, the court will not allow the issuance of the subpoena directed to

Farmers.  See Fed. R. Civ. P. 26(b)(2)(C) (A court must limit the extent of discovery if it is outside the scope permitted by Rule 26(b)(1)).  Accordingly,

**IT IS ORDERED:**

1. Defendants' Objection to Notice of Subpoena (Filing No. 27) is sustained.

2. Plaintiff's Motion to Allow Issuance of Subpoenas (Filing No. 29) is denied.

**DATED: May 4, 2016.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**